**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LEON FLEETWOOD,** | : | **CIVIL ACTION** |
| **Petitioner,** | : | |
| | : | |
| **v.** | : | **NO.   21-cv-4945** |
| | : | |
| **TOM MCGINLEY,[1] et al.,** | : | |
| **Respondents.** | : | |

**REPORT AND RECOMMENDATION**

**LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE**                                **March 6, 2023**

Presently before the Court is a *pro se* petition for writ of habeas corpus, filed pursuant to

28 U.S.C. § 2254 by Leon Fleetwood ("Petitioner"), an individual currently incarcerated at the

State Correctional Institution – Coal Township in Coal Township, Pennsylvania.  For the

following reasons, this Court respectfully recommends that the petition be DENIED as untimely.

**I.      BACKGROUND[2]**

In its September 16, 2019 opinion dismissing Petitioner's second petition under

Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. § 9541 *et seq.*, the PCRA

court set forth the following facts, as well as the procedural history through that point:

Appellant was arrested on February 17, 2009[,] and charged with

---

[1]  I have substituted Tom McGinley, the Superintendent of SCI Coal Township, as the respondent in this case.  *See* Rules Governing Section 2254 Cases, Rule 2 (requiring the current custodian to be named as respondent).

[2]  The Court has consulted the Court of Common Pleas criminal docket sheet for *Commonwealth v. Fleetwood*, CP-51-CR-0008910-2009, *available at* https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0008910-2009&dnh=e%2B1ILHlJMI6FY%2B9KtLahSg%3D%3D (last visited Mar. 3, 2023) [hereinafter "Crim. Docket"].

[murder, firearms not to be carried without a license, carrying firearms in public in Philadelphia, reckless endangerment, and possession of an instrument of crime] in relation to the murder of Khalif Bradford on January 6, 2009[,] at approximately 5:26 PM at 4445 Holden Street in the City of Philadelphia. Specifically, Appellant admitted to entering the lobby of the high-rise building, opening fire on the decedent, and then continuing to fire as the decedent attempted to flee. Mr. Bradford subsequently died when one of the shots pierced his left lung, and both ventricles of his heart. (N.T. 11/8/10, pgs. 15-19). On November 8, 2010, Appellant entered into a negotiated guilty plea before the Honorable Renee Cardwell Hughes to third degree murder, carrying a firearm on public streets, firearms not to be carried without a license, possessing an instrument of crime and recklessly endangering another person. Pursuant to the terms of the negotiation, the [c]ourt imposed an aggregate sentence of 25 to 50 years imprisonment.

On October 14, 2011, Appellant filed a PCRA petition. First PCRA counsel, Janice Smarra, Esq., filed a Finley letter followed by a supplemental PCRA petition requesting an evidentiary hearing regarding Appellant's purported request to trial counsel to file a direct appeal. Following an evidentiary hearing on October 8, 2013, the Honorable Benjamin Lerner denied Appellant's petition without a hearing [on the merits].

On June 13, 2017, Appellant filed his instant PCRA petition. Following the filing of a response by the Commonwealth, Appellant filed a Supplemental PCRA on July 17, 2018. On September 21, 2018, this [c]ourt, pursuant to Pa.R.Crim.P. 907, filed a Notice of Intent to Dismiss [Appellant's] PCRA petition. Following the formal dismissal of the petition on November 19, 2018, [Appellant filed] a timely Notice of Appeal.

*Commonwealth v. Fleetwood*, No. 68 EDA 2019, 2020 WL 6538715, at *1 (Pa. Super. Ct. Nov. 6, 2020) (quoting PCRA Ct. Opinion, 9/6/19, at 1-3) (footnotes omitted) (alterations in Pa. Super. Ct. opinion).

The procedural history from that point is set forth in the Superior Court's November 6, 2020 opinion affirming the decision of the PCRA court:

In Appellant's second supplemental PCRA petition, which underlies this appeal, he avers that he became aware of after-discovered evidence concerning Philadelphia Police Detective Ronald Dove, one of the detectives involved in the investigation of

2

Appellant's case. PCRA Petition, 7/17/18, at ¶¶ 21–27. Specifically, Appellant claims that Detective Dove's 2017 conviction—for withholding information and tampering with evidence in the investigation of Detective Dove's girlfriend— entitles Appellant to relief because Detective Dove was the detective assigned to his case and oversaw the collection of evidence at the crime scene. *Id.* at ¶¶ 10–13. Appellant asserted that "[b]ut for Detective Ronald Dove's actions in fabricating and contaminating the crime scene, implicating [Appellant's] guilt, and directing other detectives to use coercive tactics on [Appellant] to try and obtain incriminating information, he would never have agreed to plead guilty." *Id.* at ¶18.2 He further contends that had trial counsel known of this, he would not have permitted Appellant to enter a guilty plea and, suggests had the court known, it would not have accepted Appellant's plea. *Id.* at ¶¶ 38(e), 39(b).

On July 20, 2018, the PCRA court denied Appellant's petition. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

> Did the trial court err, abuse its discretion, and/or make a mistake of law when it denied Appellant's Post Conviction Relief Act ("PCRA") petition for relief based on newly discovered evidence, on November 19, 2018, without an evidentiary hearing, as impeachment evidence only material, which is also barred as being untimely filed, when the PCRA petition alleged misconduct in the habit and routine practice of the Homicide Unit and Detective Ronald Dove?

*Id.* at *1-2.

Further, the Commonwealth provides the following summary as to Petitioner's third

PCRA petition:

> On March 3, 2021, Fleetwood filed a pro se post-sentence motion, in which he claimed that (1) the trial judge threatened him not to file a motion for reconsideration of his sentence, (2) plea counsel rendered ineffective assistance in preparing for trial, and (3) he was not informed of his right to withdraw the guilty plea. Construing this filing as another PCRA petition, the PCRA court dismissed it on October 22, 2021; Fleetwood did not file an appeal.

(Resp., ECF No. 13, at 5).

3

On October 31, 2021,[3] Petitioner filed the instant petition asserting four claims for habeas relief (recited verbatim): (1) layered ineffective counsel; (2) newly discovered evidence this being Detective Ronald Dove; (3) presumption of vindictive inducement; and (4) Brady violation.  (Hab. Pet., ECF No. 1, at 8, 10, 12-13).  On November 17, 2021, the Honorable Cynthia M. Rufe referred the petition to me for a Report and Recommendation.  (Order, ECF No. 3).  After obtaining two extensions, the Commonwealth responded on July 12, 2022.  (Resp., ECF No. 13).  The matter has been fully briefed and is ripe for disposition.

## II.    APPLICABLE LEGAL STANDARD

This petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. §§ 2241 *et seq.*  A strict one-year time limitation on the filing of new petitions is set forth in the AEDPA.  Under § 2244(d)(1), the AEDPA provides that a one-year statute of limitations applies to all petitions brought pursuant to § 2254, which begins to run from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[3]  Pennsylvania and federal courts employ the prisoner mailbox rule, pursuant to which the *pro se* petition is deemed filed when it is given to prison officials for mailing.  *See Perry v. Diguglielmo*, 169 F. App'x 134, 136 n.3 (3d Cir. 2006) (citing *Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. Ct. 1998)); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998); *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001).  In this case, Petitioner certified that he gave his habeas petition to prison officials on October 31, 2021, and it will be deemed filed on that date.  (Hab. Pet., ECF No. 1, at 19).

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2244(d)(1)(A)-(D).  The one-year statute of limitations set out in § 2244(d)(1) is applied to each individual claim in a habeas petition.  *Fielder v. Varner*, 379 F.3d 113, 117-18 (3d Cir. 2004).

The AEDPA creates a tolling exception, which states that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).  An application "is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

The timeliness provision in the federal habeas corpus statute is also subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 634 (2010).  Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances.  *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006).  It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied.  *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003).

## III.    DISCUSSION

The applicable starting point for the statute of limitations in this case is the "conclusion

5

of direct review or the expiration of the time for seeking such review."[4]  28 U.S.C. §

2244(d)(1)(A).  Petitioner was sentenced on November 8, 2010.  (Crim. Docket at 4).  The

deadline for Petitioner to seek direct review passed on December 8, 2010, without him filing an

appeal to the Pennsylvania Superior Court.  PA. R.A.P. 903(a).  Petitioner had one year from this

date to file a timely federal habeas petition.  On October 14, 2011, Petitioner filed his first PCRA

petition, tolling the AEDPA limitations period with 55 days remaining.  (Crim. Docket at 7).  On

October 8, 2013, the PCRA petition was dismissed, and the AEDPA limitations period began

running again on November 7, 2013, after Petitioner did not appeal that dismissal within 30 days.

PA. R.A.P. 903(a).  The remaining 55 days under AEDPA elapsed on January 2, 2014.  However,

Petitioner did not file the instant federal habeas petition until October 31, 2021, nearly eight

years after the deadline to do so.  Absent additional statutory or equitable tolling, or actual

innocence, Petitioner's habeas petition is untimely.

A.     **Statutory Tolling**

Statutory tolling based on Petitioner's second and third PCRA petitions cannot save his

---

[4]  Petitioner does not argue that the statute of limitations should run in accordance with 28 U.S.C. § 2244(d)(1)(D), pertaining to petitions for which the factual predicate could not have been discovered earlier through the exercise of due diligence, but in any event the Court would reject this argument.  All the claims in the petition could have been discovered through due diligence more than one year prior to its filing on October 31, 2021.  The alleged ineffectiveness of plea counsel underlying Claim One occurred in 2009 and 2010.  (Hab. Pet., ECF No. 1, at 8).  As for Claim Two, Detective Dove was arrested on January 22, 2015, for hindering the prosecution of his girlfriend in her murder case.  (*Id.* at 10).  Petitioner's sentencing judge made the comment to him allegedly giving rise to his Claim Three for "vindictive inducement" on November 8, 2010.  (*Id.* at 12).  In Claim Four, Petitioner asserts that the Commonwealth suppressed Dove's involvement when in an April 18, 2018 email to his second PCRA counsel it claimed that Dove did not write the search warrant.  (*Id.* at 13; Hab. Pet. Ex. F, ECF No. 1-1, at 108-09).  However, through the exercise of due diligence Petitioner would have known that Dove had signed the warrant as the "person seizing property" because the warrant had been provided during the earlier pretrial proceedings.  (Hab. Pet. Ex. F, ECF No. 1-1, 110-13; Resp., ECF No. 13, at 13).  Petitioner does not allege that any of these claims were only discovered within one year of the filing of his habeas petition.

habeas petition because they were filed after the AEDPA deadline had already elapsed. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that a state court petition filed after the expiration of the AEDPA limitations cannot toll that period because "there is no period remaining to be tolled"); *see also Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) (whether timely or not, a PCRA petition cannot revive a habeas petition when "the [AEDPA] limitations period had already run when [the PCRA petition] was filed").

**B.      Equitable Tolling**

Petitioner has not alleged facts suggesting a basis for equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (explaining that a litigant seeking equitable tolling bears the burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way). First, Petitioner has not set forth circumstances which prevented him in some extraordinary way from filing his federal habeas petition prior to January 2, 2014. Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner; (2) the petitioner has in some extraordinary way been prevented from asserting his or her rights; (3) the petitioner has timely asserted his or her rights mistakenly in the wrong forum; (4) the petitioner received inadequate notice of his or her right to file suit; (5) a motion for appointment of counsel is pending; or (6) a court actively misled the petitioner into believing he or she had done everything required. *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). But Petitioner identifies no such circumstances in this case.

In any event, even assuming, *arguendo*, that Petitioner had shown extraordinary circumstances, Petitioner has failed to demonstrate that he exercised reasonable diligence in bringing his claims. "A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of

the case." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013).  Moreover, the diligence requirement exists throughout the period Petitioner was exhausting his state court remedies. *LaCava*, 398 F.3d 271, 277 (3d Cir. 2005) (internal citation omitted).  Here, Petitioner waited to file his habeas petition until over eight years after the denial of his first PCRA petition, which had tolled the AEDPA deadline while it remained pending, and nearly eight years from the expiration of the deadline itself.  He also waited to file in federal court over three years from when his newest claim would have arisen, in April 2018.  (Hab. Pet., ECF No. 1, at 13; Hab. Pet. Ex. F, ECF No. 1-1, at 108-09).  Accordingly, Petitioner was not reasonably diligent in bringing this petition.

### C.      Actual Innocence

Although Petitioner does not invoke equitable tolling, in the section of his petition with the heading "Timeliness of Petition," he asserts "factual innocence" (without any additional elaboration).  (Hab. Pet., ECF No. 1, at 17).  The United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations." *McQuiggin v.* Perkins, ___ U.S. ___, 133 S. Ct 1924, 1928 (2013).  To show actual innocence, a petitioner must present "*new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," and "show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995).  The *Schlup* standard is "demanding" and seldom met.[5] *House v. Bell*, 547 U.S. 518, 538 (2006).

---

[5] *House* provides a rare example of the lower *Schlup* standard for establishing actual innocence being met.  The petitioner in *House* provided, *inter alia*, new DNA evidence, proof of laboratory blood spill errors, and testimony from two witnesses that someone else confessed to

Petitioner identifies no such evidence.  As discussed *supra*, neither the search warrant return bearing Dove's signature nor the revelation of his crimes is new evidence.  Further, even if Petitioner had satisfied this prong, he has not shown that it is probable that no reasonable juror would have convicted him had he or she known of this information.  Petitioner pled guilty in 2010, prior to Dove's criminal conduct, so knowledge of that conduct (which had not yet occurred) could not have swayed any juror had Petitioner proceeded to trial.  (Crim. Docket at 4).  In addition, even if Dove's criminal conduct had occurred earlier, it is not reasonably probable that his mere receipt of the property seized pursuant to the search warrant would have led all reasonable jurors to acquit Petitioner of the charges against him.  Thus, Petitioner's had not demonstrated actual innocence.

## IV.    CONCLUSION

For the foregoing reasons, I respectfully recommend that the petition for writ of habeas corpus be DENIED as untimely.

Therefore, I respectfully make the following:

---

the crime.  547 U.S. at 540-53.

9

**RECOMMENDATION**

AND NOW this __6TH__ day of March, 2023, I respectfully RECOMMEND that the petition for writ of habeas corpus be DENIED as untimely without the issuance of a certificate of appealability.

Petitioner may file objections to this Report and Recommendation. *See* Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

_____/s/ Lynne A. Sitarski_____
LYNNE A. SITARSKI
United States Magistrate Judge

10